UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS BOYCE,

                Plaintiff,

v.                                        **DECISION AND ORDER**
                                              13-CV-619S

ERIE COUNTY,

                Defendants.

## I.  INTRODUCTION

Plaintiff Thomas Boyce commenced this action in June 2013 asserting claims for employment discrimination based on an alleged failure to accommodate and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, interference in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and for relief pursuant to 42 U.S.C. § 1983 for Defendant's alleged violation of his constitutional rights. Pending before this Court is Defendant's motion to dismiss for failure to state a claim.  For the reasons discussed below, this Court finds the matter fully briefed and oral argument unnecessary, and concludes that Defendants' motion should be granted in part and denied in part.

## II. BACKGROUND

As alleged in the Complaint, Plaintiff is a Deputy Sheriff for Defendant Erie County employed at the Erie County Holding Center.  He suffers from post-traumatic stress disorder and high blood pressure and, as a result, presented a doctor's note restricting his working hours to no more than 12 hours per day and 48 hours per week.  Plaintiff was

1

informed that he would not be allowed to work any overtime until he was taken off of medical restrictions. Fellow officers subsequently harassed and mocked Plaintiff, and further harassment occurred when he called in sick to use FMLA leave. Defendant began to issue Plaintiff "records of counseling" for not attending training sessions that were not scheduled on his regular shift, and refused to either reschedule the training or permit Plaintiff overtime to attend. Defendant also issued "records of counseling" for training sessions he did attend.

Plaintiff filed a charge of discrimination with the New York Division of Human Rights ("DHR") in June 2012, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC mailed Plaintiff a 'Right to Sue' letter following the administrative agency proceedings, and the present action ensued.

### III. DISCUSSION

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiffs' favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678.

A.    **Failure to Accommodate**

Defendant correctly concedes that dismissal of the first cause of action on the ground that an eight-hour mandatory shift is an essential function of Plaintiff's position would be premature on a motion to dismiss. (Def's Reply Mem of Law at 2-3); see Colpoys v. County of Erie, No. 12-cv-908S, 2013 WL 5437635, *5-6 (W.D.N.Y. Sept. 27, 2013); see also Lewis v. Livingston County Ctr. for Nursing & Rehabilitation, – F. Supp. 2d –, 2014 WL 3400538, *8-10  (W.D.N.Y. 2014).

B.    **ADA Retaliation**

Plaintiff's second cause of action alleges retaliation in violation of the ADA.  A valid claim of ADA retaliation requires a showing that: (1) the plaintiff engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against the plaintiff; and (4) a causal connection exists between the alleged adverse action and the protected activity. Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).  Here, Plaintiff asserts that the retaliatory acts included harassment and mocking by superiors and peers after he informed Defendant of his medical restriction and attempting to use his FMLA leave (Compl ¶¶ 54-55); Defendant issuing "records of counseling" for missing training sessions that were either scheduled off his regular shift or for sessions he did in fact attend (¶¶ 56-60); and Plaintiff's placement on a six-week suspension (¶¶ 61).

Defendant argues that this claim must be dismissed with respect to the alleged harassment and the records of counseling because the DHR already determined that

neither of those claims were substantiated. (Def's Mem of Law at 16-19.) This argument is without merit, inasmuch as a federal civil action following consideration by a state or federal agency is to be a trial *de novo*. Univ. of Tennessee v. Elliott, 478 U.S. 788, 792, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986); Kremer v. Chem. Const. Corp., 456 U.S. 461, 469, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982). In the absence of any further argument regarding the alleged acts of retaliation, this part of Defendant's motion is denied.

With respect to Plaintiff's six-week suspension, Defendant first argues that dismissal is warranted because of the lack of a close temporal relationship between the dismissal of Plaintiff's Department of Human Rights complaint and his 2013 suspension. (Def's Mem of Law at 19-20.) Generally speaking, the permissible inferences that may be drawn from temporal proximity, or the lack thereof, should be considered in the context of the particular case. See generally Espinal v. Goord., 558 F.3d 119, 129 (2d Cir. 2009); *compare* Hollander v. American Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir.1990) (finding a lack of evidence that an adverse action, taken three months after the plaintiff's EEOC complaint, was in response to the plaintiff's protected activity) *with* Grant v. Bethlehem Steel Corp., 622 F.2d 43, 45-46 (2d Cir.1980) (evidence of retaliatory animus found where defendant's failure to refer substantial work to plaintiff occurred the first time plaintiff became available for work eight months after EEOC complaint). Here, consideration of Defendant's temporal proximity argument is premature because the allegations in the Complaint regarding the suspension, although sufficient enough to put Defendant on notice of Plaintiff's claim, do not allow for proper consideration of the circumstances of that suspension. For example, it is unclear whether the suspension may relate to earlier records of counseling issued (in Plaintiff's opinion) in bad faith.

Finally, Defendant argues that this retaliation claim must be dismissed due to an ongoing grievance proceeding pursuant to a collective bargaining agreement. In support of its argument, Defendant relies on materials neither attached to nor incorporated by reference into the Complaint, such as the affidavit of the Superintendent of the Erie County Sheriff's Office's Jail Management Division. (Def's Mem of Law at 21 (citing Docket No. 8-8).) A court cannot properly consider materials outside the pleadings on a motion to dismiss unless the motion is treated as one for summary judgment and all parties are afforded a reasonable opportunity to present pertinent evidence. See Goldman v. Belden, 754 F.2d 1059, 1066 (2d Cir. 1985); DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 113 (2d Cir. 2010); Agosta v. Suffolk County, 981 F. Supp. 2d 167, 174 (E.D.N.Y. 2013). The Court declines to do so here.

**C.     Interference and Retaliation under the FMLA**

Plaintiff's third cause of action, entitled "interference in violation of the FMLA," alleges that Plaintiff was granted the use of FMLA leave to avoid working eight-hour mandatory overtime shifts and that he was "informed . . . that he would no longer be allowed to work any overtime until he was taken off of medical restrictions." (Compl ¶¶ 65-66 (capitalization altered.) Plaintiff further alleges that, as in his ADA retaliation claim, he was harassed and mocked by fellow officers and issued records of counseling for not attending training sessions scheduled off his regular shift. (Compl ¶¶ 67-71). "Upon information and belief Defendant was undertaking these actions **as punishment** for [Plaintiff's] use of FMLA leave." (Compl ¶ 72 (emphasis added).)

Defendant argues that this cause of action must be dismissed because a FMLA

interference claim cannot be maintained where a plaintiff was not in fact denied benefits to which he was entitled under the FMLA. (Def's Mem of Law at 21-23); Higgins v. NYP Holdings, 836 F. Supp. 2d 182, 193 (S.D.N.Y. 2011). While correct with respect to an interference claim, Plaintiff's improperly labeled cause of action actually states a FMLA retaliation claim. In the absence of any argument directed at Plaintiff's claim of a retaliatory ("punitive") response to his FMLA leave, dismissal of this cause of action will be granted with respect to only any asserted claim of interference.

**D.     Section 1983**

Plaintiff's fourth cause of action asserts a claim under 42 U.S.C. § 1983. This section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Notably, § 1983 does not itself provide a source of substantive rights, but instead provides the mechanism by which a plaintiff may seek vindication of federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

Here, Plaintiff's claim appears to hinge on the Sheriff's Department's mandatory overtime requirement. Plaintiff alleges that he has "a property interest in his continued employment" and a "liberty interest to not be compelled to work by the government." (Compl ¶¶ 77, 87.) He further alleges that the routine requirement that he work mandatory overtime has forced him "to choose between his health and his liberty interest or his

6

property interest." (Compl ¶ 91.) Although this appears to be an attempt to state a procedural due process claim, as Defendant argues, Plaintiff never specifically stated that he was deprived of these interests without due process of law or otherwise specify what constitutional right was violated. Further, Plaintiff's allegation that "[t]he officers of the County who have issued these orders to [Plaintiff] have variously harmed his health and deprived him of his liberty and property interests" appears to be an attempt to assert this claim against unnamed defendants rather than the County Defendant. This claim will therefore be dismissed. However, because Defendant does not, at this stage of the proceedings, challenge the liberty and property interests asserted,[1] this dismissal will be without prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss will be denied with the following exceptions: the third cause of action will be dismissed with prejudice to the extent, if any, it asserts interference with FMLA rights, and the fourth cause of action will be dismissed without prejudice to Plaintiff filing an Amended Complaint within 45 days of the date of this order clearly stating his § 1983 cause of action

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's Motion to Dismiss (Docket No. 8) is GRANTED IN PART and DENIED IN PART;

FURTHER, that Plaintiff shall have 45 days from the date of this order to file an

---

[1] Because the Court does not read the present allegations as asserting an equal protection claim, Defendant's reliance of the dismissal of the § 1983 claim in the similar Colpoys cases is unwarranted. 2013 WL 5437635 at *4.

Amended Complaint.

    SO ORDERED.

Dated: September 30, 2014
       Buffalo, New York

                                              <u>/s/William M. Skretny</u>
                                              WILLIAM M. SKRETNY
                                                    Chief Judge
                                          United States District Court